# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| CEDRIC REYNOLDS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV416-194 |
| | ) | CR412-239 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

The Eleventh Circuit granted Cedric Andre Reynolds leave to file with this Court a successive 28 U.S.C. § 2255 motion for resentencing absent an armed career criminal enhancement. *In re Reynolds*, No. 16-13173-J (11th Cir. July 1, 2016), filed on this Court's docket, CR412-239, doc. 80-2. He has done so. Doc. 73. But the Government says it's still successive, so this Court lacks jurisdiction. Doc. 80. Reynolds, the Government insists, fails to meet 28 U.S.C. § 2255(h)(2)'s "previously unavailable" claim requirement because in his earlier § 2255 proceedings he had raised a *Johnson* claim[1] and the Eleventh Circuit resolved it

---

[1] Reynolds seeks to exploit the new rule announced in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), made retroactive by *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016), and otherwise triggering a lot of successive filings. *See,*

against him. *Id.* (citing doc. 79 at 9) (Eleventh Circuit's prior § 2255 ruling on his sentence challenge based on his past juvenile offenses: "*Johnson* concerned only the residual clause of the ACCA, and did not affect that statute's elements clause, which applied to Reynolds's juvenile offenses.")).

In approving Reynolds' successive § 2255 application, the *Reynolds* panel applied *In re Rogers*, 825 F.3d 1335 (11th Cir. 2016), because it

---

*e.g., In re Fleur*, 824 F.3d 1337 (11th Cir. 2016); *In re Hines*, 824 F.3d 1334 (11th Cir. 2016), and *In re Ricardo Pinder, Jr.*, 824 F.3d 977 (11th Cir. 2016).

The Armed Career Criminal Act (ACCA) -- the statute *Johnson* addressed -- provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." It defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* found that "residual" clause so vague that it violates due process. *See* 135 S. Ct. at 2557. But crimes falling under ACCA's other clauses, known as the "elements and "enumerated crimes" clauses, are not affected by *Johnson's* holding. *Id.* at 2563.

Those other two clauses have been more thoroughly explained by the Eleventh Circuit:

> ACCA gives three definitions of "violent felony." First, § 924(e)(2)(B)(i) covers any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." This is known as the "elements clause." Second, § 924(e)(2)(B)(ii) covers any offense that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." The first 9 words of that subsection are called the "enumerated crimes clause," and the last 13 are called the "residual clause.

*In re Robinson*, 822 F.3d 1196, 1197 (11th Cir. 2016).

2

found the sentencing record in his case unclear as to whether the *Johnson*-invalidated "residual clause" was implicated. Doc. 80-2 at 6. The Government argues, however, that Reynolds' claim was *not* previously "unavailable" to him, as § 2255(h)(2) requires. He previously presented a *Johnson* claim, lost it, took no further appeal, and now simply wants to re-litigate it. Doc. 80 at 1-5. Section 2255(h)(2) blocks jurisdiction over such re-litigation. And the *Reynolds* successiveness grant is not binding. *In re Moore*, ___ F.3d ___, 2016 WL 4010433 at * 2 (11th Cir. July 27, 2016)).[2]

The Government is correct. In fact, while it does not cite to it, the Eleventh Circuit also has ruled that

> [u]nder 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under [28 U.S.C] section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). We have held that § 2244(b)(1)'s mandate applies to applications for leave to file a second or successive § 2255 motion. *In re Baptiste*, No. 16–13959, manuscript op. at 3–4, ___ F.3d ___, ___, 2016 WL 3752118 (11th Cir. July 13, 2016). We also have held that a prisoner may not file "what amounts to a motion for reconsideration under the guise of a separate and purportedly 'new' application" when the new application raises the same claim that was raised and rejected in the prior application. *Id.* at 5, ___ F.3d at ___.

---

[2] The *Moore* court reminded that a successiveness grant is but a limited determination, so district courts must decide anew whether a § 2255 movant has satisfied the statutory successiveness requirements; only after the district court has done that should it reach the § 2255 motion's merits. *Moore*, 2016 WL 4010433 at *3.

3

*In re Jones*, ___ F.3d ___, 2016 WL 4011143 at * 1 (11th Cir. July 27, 2016); *see also In re Parker*, ___ F.3d ___, 2016 WL 4206373 at * 1 (11th Cir. Aug. 10, 2016) ("Under *In re Baptiste*, a later request of a prisoner who has previously filed a request for authorization to file a second or successive petition based on the same claim must be dismissed. Because Parker has already filed a request presenting a claim based on *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L.Ed.2d 569 (2015), we must dismiss his current request, regardless of its merit, since it raises the same claim as his first request.").[3] Per *Jones* and *Parker*, Reynolds' § 2255 motion must be **DISMISSED** for want of jurisdiction.

---

[3] Some Eleventh Circuit judges have dissented from this result. A recent panel majority responded:

> Some decisions from our Court following *Baptiste* as binding precedent have also included special concurrences or dissents suggesting that *Baptiste* may have been wrongly decided. The central theme of these separate opinions is their contention that § 2244(b)(1)'s prohibition of a repeat filing based on a claim previously rejected applies only to § 2254 petitions, not to § 2255 motions. Further, as this argument goes, even if § 2244(b)(1) does apply to § 2255 motions, it applies only to claims actually raised in a § 2255 motion in the district court, not claims repeatedly raised in applications for certification by this Court to file a successive § 2255 motion. *See In re Anderson*, ___ F.3d ___, ___ - ___, 2016 WL 3947746, at *4-5 (11th Cir. 2016); *see also In re Clayton*, ___ F.3d ___, ___, 2016 WL 3878156, at *9 (11th Cir. 2016). Yet, as cogently and persuasively explained in *Baptiste*, the above argument fails on both counts. *See Baptiste*, 2016 WL 3752118, at *2.

*In re Bradford*, ___ F.3d ___, 2016 WL 4010437 at * 2 (11th Cir. July 27, 2016).

Accordingly, the Court should **DISMISS** Cedric Andre Reynolds' 28 U.S.C. § 2255 motion for lack of jurisdiction. Doc. 73.

**SO REPORTED AND RECOMMENDED**, this __19th__ day of September, 2016.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA