FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2019 JUL 18 PM 2:43

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CEDRIC REYNOLDS,           )
                           )
     Petitioner,           )
                           )
v.                         )    CASE NO. CV416-194
                           )
UNITED STATES OF AMERICA,  )
                           )
     Respondent.           )
                           )

## O R D E R

Before the Court is Petitioner's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b). (Doc. 23.) In his motion, Petitioner requests that this Court revisit "it's previous December 20, 2016, judgment" based on the Eleventh Circuit's ruling in United States v. Moss, 920 F.3d 752 (11th Cir. 2019). (Doc. 23 at 1.) After careful review, the Court finds that Petitioner's motion must be **DISMISSED**.

First, Petitioner has failed to provide any sufficient basis to grant relief under Rule 60(b). In order to obtain relief under Rule 60(b), a petitioner must be able "to show 'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535, 125 S. Ct. 2461, 2649, 162 L. Ed. 2d 480 (2015) (quoting Ackermann v. United States, 340 U.S. 193, 199, 71 S. Ct. 209, 95 L. Ed. 207 (1950)). On July 15, 2019, the Eleventh Circuit vacated its

decision in Moss. United States v. Moss, No. 17-10473, 2019 WL 3072577, at *1 (11th Cir. July 15, 2019). Accordingly, the entire basis for Petitioner's argument is now moot. Because Petitioner's motion solely relies on a now vacated opinion, Petitioner is unable to show any extraordinary relief which warrants relief from judgment in this case.

More importantly, however, Petitioner's motion constitutes an attack on "the federal court's previous resolution of a claim on the merits." Peters v. United States, 678 F. App'x 890, 891 (11th Cir. 2017); see also Gonzalez, 545 U.S. at 531, 125 S. Ct. at 2647 ("Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly."). In this case, Petitioner is arguing that an intervening change in the law constitutes a reason to justify relief from this Court's earlier ruling on a claim filed in a previous § 2255 petition. As a result Petitioner's motion is more accurately characterized as a successive § 2255 motion. Because the motion is successive, Petitioner "need[s] to obtain an order from [the Eleventh Circuit Court of Appeals] authorizing the district court to consider the motion." Peters, 678 F. App'x at 892. Because Petitioner has not received such authorization, this Court lacks jurisdiction to

consider the motion. Id. Accordingly, Petitioner's motion is **DISMISSED**.

SO ORDERED this 18th day of July 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA