IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:12-cr-239 |
| CEDRIC ANDRE REYNOLDS, | |
| Defendant. | |

# **O R D E R**

This matter is before the Court on Defendant Cedric Andre Reynolds motion seeking a reduction in his sentence.  (Doc. 137.)  Defendant argues he has requested that the Bureau of Prisons ("BOP") apply his earned time credits under the First Step Act of 2018 ("FSA") to his sentence and the BOP has not done so.[1]  Because Defendant is taking issue with the BOP's execution of his sentence, he must bring his claim via 28 U.S.C. § 2241 in the district of his current confinement.  Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004); see also, Guerriero v. Miami RRM, No. 24-10337, 2024 WL 2017730, at *1 (explaining on FSA earned-credits claim, "[c]hallenges to the execution of a federal prisoner's sentence, such as the deprivation of good time credits or parole determinations, rather than his sentence's validity may be brought through a petition for writ of habeas corpus pursuant to § 2241.").

---

[1] As the United States Court of Appeals for the Eleventh Circuit recently explained,
> The FSA, in relevant part, mandates that the BOP offer incentives to prisoners who complete certain recidivism reduction programs and other productive activities while in custody. 18 U.S.C. § 3632(d)(4). Under the FSA, prisoners who have been determined to have a low risk of recidivism are eligible to earn up to 15 days in FSA time credits for every 30 days of successful participation in such programs. Id. § 3632(d)(4)(A); see also 28 C.F.R. § 523.42(c).
>  Section 3632(d)(4)(C) provides that the BOP can apply these FSA time credits to either lengthen an eligible prisoner's prerelease custody, such as home confinement or half-way house placement, or to advance transfer to supervised release. 18 U.S.C. § 3632(d)(4)(C).

Guerriero v. Miami RRM, No. 24-10337, 2024 WL 2017730, at *1 (11th Cir. May 7, 2024).

Because Defendant is not currently confined in this district, the Court cannot grant him any relief under Section 2241.  Defendant has not cited, and the Court is not aware, of any other authority that would provide jurisdiction over Defendant's claim.  Therefore, the Court **DENIES** his motion, (doc. 137), **WITHOUT PREJUDICE**.  Defendant can raise his claims in the district of his confinement via Section 2241.

**SO ORDERED**, this 30th day of July, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA